George Herman Bollman v. Commissioner.
Bollman v. Commissioner
Docket No. 83101.
United States Tax Court
T.C. Memo 1961-198; 1961 Tax Ct. Memo LEXIS 153; 20 T.C.M. (CCH) 989; T.C.M. (RIA) 61198; June 30, 1961
James T. McKinstry, Esq., for the petitioner. Frederick A. Levy, Esq., for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: The respondent determined a deficiency in income tax against petitioner for 1955 in the amount of $296.15. The issue for decision is whether the petitioner furnished more than one-half the support of his minor children, Maria and Laura, during the year 1955 so as to entitle him to dependency exemptions under section 151(e) of the Internal Revenue Code of 1954. Findings of Fact The petitioner during 1955 resided at R.D. 2, Box 155, Seaford, Delaware, and filed an income tax return for the calendar year 1955 with the district director of internal revenue *154 at Wilmington, Delaware. Petitioner was formerly married to Alice W. Bollman (hereinafter referred to as Alice). The petitioner and Alice were divorced under a decree of divorce granted in Circuit Court No. 2 of Baltimore City, Maryland on January 21, 1955. Petitioner and Alice had two children during their marriage, Maria and Laura, who were aged 4 and 2 1/2 years, respectively, during 1955. During 1955 the two children lived with their mother, Alice. Pursuant to the terms of the divorce decree, the petitioner paid Alice $1,296 during 1955 for the support of the two children. In addition, petitioner made gifts to the children in the total amount of $40 during 1955. During January 1955 Alice and the two children lived with Alice's mother in the mother's apartment. The two children had a separate bedroom. Alice paid her mother $75, covering room and board for herself and the two children. The $75 payment did not constitute a complete reimbursement to the mother for the expenses she incurred in maintaining the three in her apartment. While living with her mother in January 1955, Alice had a job paying $42.50 per week. During this period Alice required the services of a nursemaid *155 and laundress to take care of the children's needs and expended the sums of $120 and $21.40, respectively, for such services. On January 29, 1955, Alice married John W. Aidt. On that date or soon thereafter Alice and her new husband with the two children moved into a newly constructed house where they all resided for the balance of the year 1955. The cost of the house was $19,500 unfurnished. Additional sums were subsequently expended in furnishing the house. The two children each had a separate bedroom and had the general run of the house. The fair rental value of the house during 1955 was $150 per month. During the year 1955 Alice and her husband maintained an automobile and drove it approximately 7,000 miles. The car was for the most part used to transport the children. Aidt had the full use of a company-owned car. The utility expense for the house was about $200 a year for oil and $30 a month for electricity. During 1955 Alice, her husband, and the two children took a 2-week vacation at Ocean City, Maryland. The cost of this vacation, exclusive of the cost of transportation, was $240. During 1955 Alice and her husband made a $106 premium payment on an insurance policy on the *156 life of petitioner with the two children beneficiaries. The following additional cash expenditures were made for the benefit of Maria and Laura during the taxable year 1955: Food
$ 660.00 (for 11 months)
Clothing
250.00
Shoes
52.60
Church
10.40
Doctors and medicine
110.00
Miscellaneous
130.00
Milk and dairy prod-
ucts
240.00 (for 11 months)
Diaper service
120.00
Total
$1,573.00
In 1958 Alice was involved in a court proceeding in the Circuit Court No. 2 of Baltimore City in which the question of support of the two children was the subject matter of the litigation. In the form of answers to interrogatories respecting this proceeding, Alice listed the following as the expenses of supporting the two children in 1958: Food
$ 600.00
Clothing
210.00
Allowance
52.00
Shoes
99.50
Church
20.80
Transportation
36.00
Doctors and medical
180.00
Rent
672.00
Miscellaneous
192.92
Milk
144.00
Vacation
160.00
Ballet lessons
59.68
Art lessons
50.00
School lunches
120.00
Kindergarten
99.00
$2,695.90
In 1955 Alice was employed for 3 weeks earning $42.50 per week and her husband drew a salary of $7,000. Neither Alice nor *157 her husband had any outside income. In addition to the $1,573 for the items of food, clothing, shoes, church, doctor and medical, miscellaneous, milk and dairy products, and diaper service listed above, the following amounts represent support for the two children in 1955: Insurance
$ 106.00
Transportation
100.00
Nurse
120.00
Laundry
21.40
Payments to Alice's
mother
50.00
Rent
577.50 (for 11 months)
Utilities
179.66 (for 11 months)
Vacation
84.00
$1,238.56
Respondent in his notice of deficiency disallowed exemptions of $1,200 claimed by petitioner for the two children on the ground that petitioner had failed to establish that he contributed over one-half of their support. The total amount representing support for the two children is $2,811.56. Petitioner did not provide over one-half of the support for the two children. Some of the facts have been stipulated and are found accordingly. Opinion The only question presented is the factual one as to whether petitioner furnished over one-half of the cost for the support of his two children, Maria and Laura, in 1955 so as to entitle him to dependency exemptions under section 151(e) of the Internal Revenue Code *158 of 1954. It is agreed by the parties that petitioner provided $1,336 for the support of his two children in 1955. The following items of support for the children totalling $720.50 are not disputed: Shoes, diaper service, church, doctor and medical, miscellaneous, insurance, nurse, laundress, and $50 of the $75 paid by Alice to her mother covering room and board for herself and the two children for January 1955. The following items are in dispute: (1) The amounts spent in support of the children for food, clothing, transportation, and milk and dairy products; (2) what portion of the fair rental value of the house should be attributed to the support of the children; and (3) whether costs of utilities and vacation should be considered to be in part for the support of the children and if so the portion attributable to the children. In making his determination of the amounts applicable for the items of food, clothing, transportation, rent, and milk and dairy products for 1955, petitioner has taken the amounts stated by Alice in answer to interrogatories as having been spent on the above items in 1958, and with the exception of rent and transportation reduced such amounts to reflect *159 the approximate 9 percent increase in the Consumer Price Index between 1955 and 1958. By this procedure and also by omitting all expenditures for utilities and vacation, petitioner has determined that only $2,311.83 was spent in support of the children of which the $1,336 he contributed would constitute more than one-half. We do not accept petitioner's method of determining the amounts of the items in issue. In effect, what petitioner has done is to collate the items of expense stated for 1958 with those stated for 1955 and where the 1955 figure is lower has accepted it and where the 1958 figure is the lower accepted it after reducing the 1958 figure to reflect the increase in the price index between 1955 and 1958. We do not feel that the expenditures for any particular family need necessarily remain static from year to year but rather that the expenditures for one item of support may rise and the expenditure for another item may fall and that these changes need not bear a direct correlation to the increase in the cost of living index. For this reason we accept Alice's figures for clothing and milk and dairy products for 1955 of $250 and $240, respectively, even though the same figures *160 for 1958 were only $210 and $144, respectively. We note, on the other hand, that Alice stated the expenses for shoes, doctor and medical, and miscellaneous in 1955 to be only $52.60, $110, and $130, respectively, whereas the expenses stated for 1958 for the same items were $99.50, $180, and $192.92, respectively. With respect to the item of food, the testimony was that it cost $1 per day per child for 1955. Based on this testimony we have found that $660 was spent on food for the 11 months to which the food item was to apply. Alice's testimony respecting 1958 does not vary much from the $1 per day per child formula. Alice testified that in 1958 $600 was spent on food and $120 for school lunches, a comparable item. Petitioner, in arriving at his amount for food for 1955 has taken the $600 figure for 1958 and reduced it to reflect the increase in the cost-of-living index from 1955, while disregarding the $120 amount for school lunches for 1958 entirely. We have accepted Alice's statement that $100 was spent for transportation for the children. The testimony respecting the car was that it was driven 7,000 miles during the year 1955 with at least one-half the use being to transport *161 the children. Assuming the car was used for the children's benefit to the extent of 3,500 miles, this would come out to only 3 1/2 cents per mile which is reasonable. We have found that expenses for utilities and vacation constitute items of support for the children and have included amounts representing both items. With respect to utilities the testimony was that the expense for oil was about $200 a year and for electricity, $30 per month. On the basis of the 11 months these expenses would be applicable in 1955, the total utility expense was about $513.33, of which we allocated 35 percent or $179.66 to the children. We applied the same 35 percent to the $240 vacation expense, finding $84 allocable to the children. We found the fair rental value of the house to be $150 per month which for the 11 months the family occupied the house amounted to $1,650. Of this total fair rental value we allocated 35 percent or $577.50 to the children. Cf. Raymond M. McKay, 34 T.C. 1080 (1960). The total of the items of support, as we have found them, is $2,811.56, of which petitioner's contribution of $1,336 constitutes less than one-half. Decision will be entered for the respondent. *162